IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DESIREE MORRIS**, Individually and as a representative of the classes, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:11cv474 **Electronic Filing** |
| **WELLS FARGO BANK N.A.**, **WELLS FARGO HOME MORTGAGE, INC.**, and **WELLS FARGO INSURANCE, INC.**, | ) ) ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM ORDER**

AND NOW, this 30th day of September, 2013, upon due consideration of defendants' motions for judgment on the pleadings and the parties' submissions in conjunction therewith, IT IS ORDERED that [114],[116] the motions be, and the same hereby are, denied.

A party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) when the pleadings clearly show that no material issue of fact exists and that it is entitled to judgment as a matter of law. Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir.2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir.1988)). In reviewing such a motion, the court must view the facts in the pleadings and the inferences therefrom in a light most favorable to the non-moving party. Id. "A motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.'" Bangura v. City of Phila., 338 Fed. Appx. 261, 264 (3d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Stating a claim does not require a plaintiff to plead the factual evidence needed to prove entitlement to relief. See Fowler v. UPMC Shadyside, 578 F.3d 203, 212-13 (3d Cir. 2009) ("It is axiomatic that the standards for dismissing claims under Federal Rule of Civil Procedure 12(b)(6) and granting judgment under either Federal Rule of Civil Procedure 50 or Federal Rule of Civil Procedure 56 are vastly different."). Nor does it require the plaintiff to meet a quantum of proof. Id. It is sufficient to plead enough factual matter that when taken as true and considered in conjunction with all reasonable inferences drawn therefrom "set forth sufficient facts to support plausible claims." Id. at 212.

Once a complaint has adequately stated a claim, that claim "may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Twombly, 550 U.S. at 563 n.8; Fowler, 578 F.3d at 212 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely.") (quoting Twombly, 550 U.S. at 556). In other words, "the breadth of opportunity to prove what an adequate complaint claims" is not limited only to the specific facts articulated in the stated claim. Twombly, 550 U.S. at 563.

On September 7, 2012, this court issued an opinion resolving defendants' motions to dismiss pursuant to Rule 12(b)(6). See Opinion of September 7, 2012 (Doc. No. 99). Therein, it was determined that valid claims for breach of contract and relief under the Truth in Lending Act had been set forth against Wells Fargo Bank and a valid common law claim for unjust enrichment had been set forth against Wells Fargo Insurance. Id. at 14-16, 19-24.

Having determined that valid contract, TILA and unjust enrichment claims have been stated against defendants, plaintiff is entitled to engage in discovery and offer proof in support of her claims. Defendants' answers have neither add to nor subtract from the sufficiency of

plaintiff's allegations. Similarly, they fail to demonstrate conclusively that there are no material issues of fact with regard to the stated claims. Consequently, defendants' motions for judgment on the pleadings properly have been denied.

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc:    Michele R. Fisher, Esquire
       Kai H. Richter, Esquire
       Paul J. Lukas, Esquire
       Rebekah L. Bailey, Esquire
       E. Michelle Drake, Esquire
       Matthew C. Helland, Esquire
       Adam W. Hansen, Esquire
       Shanon J. Carson, Esquire
       Patrick F. Madden, Esquire
       Daniel B. Huyett, Esquire
       Christopher N. Kelly, Esquire
       Steven J. Adams, Esquire
       Jason A. Risk, Esquire

(*Via CM/ECF Electronic Mail*)