IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIREE MORRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO INSURANCE, INC.,<br><br>Defendants. | Case No. 2:11-cv-00474-DSC<br><br>**ELECTRONICALLY FILED** |

## STIPULATION OF VOLUNTARY DISMISSAL; [PROPOSED] ORDER

Plaintiff Desiree Morris ("Plaintiff") and Wells Fargo Bank, N.A., including its division Wells Fargo Home Mortgage, and Wells Fargo Insurance, Inc. (together "Defendants"), through their attorneys of record, hereby agree and stipulate as follows:

A.   Whereas, this case was commenced by Desiree Morris when she filed her complaint on April 4, 2011, and the First Amended Class Action Complaint was filed on November 28, 2011 (the "Complaint.")

B.   Whereas, in the Complaint, Plaintiff makes certain allegations against Defendants relating to Defendants' residential flood insurance requirements and practices which allegations Plaintiffs purported to assert both individually and on behalf of a nationwide class and a Pennsylvania class of plaintiffs;

C.   Whereas, Defendants denied that their actions were wrongful in any respect with regard to Plaintiffs and any putative class;

D.   Whereas, court approval of a settlement, voluntary dismissal or compromise

under Federal Rule of Civil Procedure 23(e) is required only for "certified class" actions and the Advisory Committee Notes for Rule 23(e) state that court approval is required only if "the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise," rejecting the view that court approval is required for settlements "with putative class representatives that resolve[] only individual claims." See Rule 23 Advisory Committee Notes, 2003 Amendments.

E. Whereas, the Court has never certified any class in this case under Federal Rule of Civil Procedure 23;

F. Whereas, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a plaintiff may dismiss an action by filing a stipulation of dismissal signed by all parties who have appeared;

G. Whereas, the parties have reached a settlement of Plaintiff's individual claims against Defendants in which the Plaintiff's individual claims will be dismissed with prejudice and claims of the members of any putative class will be dismissed without prejudice;

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE THAT:**

All of the individual claims and allegations brought by Desiree Morris against Wells Fargo Bank, N.A. and Wells Fargo Insurance, Inc., or any of them, are hereby dismissed with prejudice. All claims and allegations of any putative class members are hereby dismissed without prejudice.

## ORDER

Pursuant to Rule 23(e) and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and pursuant to the stipulation of the parties, Desiree Morris' individual claims are hereby dismissed with prejudice and the claims of the putative class members are hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: _March 5_, 2015

_____
Honorable David Stewart Cercone
United States District Judge

**IT IS SO STIPULATED.**

DATED: March 3, 2015				SEVERSON & WERSON
						A Professional Corporation


						By:     /s/ Michael J. Steiner
						          Michael J. Steiner
						Attorneys for Defendants
						WELLS FARGO BANK, N.A. and
						WELLS FARGO INSURANCE, INC.


DATED: March 3, 2015				NICHOLS KASTER PLLP


						By:     /s/ Kai Richter
						          Kai Richter
						Attorneys for Plaintiff
						DESIREE MORRIS